IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,976-01






EX PARTE SEAN MICHAEL POWELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 16124-B(1) IN THE 104TH DISTRICT COURT


FROM TAYLOR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of
habitation and sentenced to 15 years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because counsel advised him he would get
life imprisonment unless he pleaded guilty. He further contends that he is a paranoid schizophrenic
and was taking medication which impeded his understanding of the court proceedings when he
entered his plea. He alleges that counsel failed to investigate whether he suffered from mental illness
and failed to request that his competency be evaluated. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) in that it shall order counsel
to file an affidavit addressing: (1) whether counsel advised Applicant that he would be sentenced to
life imprisonment unless he pleaded guilty and, if so, the reasons for such advice; (2) whether
counsel discovered that Applicant suffers from mental illness when he conducted his pre-trial
investigation and, if so, what counsel discovered; and, (3) whether counsel requested that
Applicant's competency be evaluated before he entered his plea and, if not, why counsel did not
believe that a competency evaluation was necessary. The trial court shall also supplement the record
with a copy of the court reporter's notes from the plea hearing. In the appropriate case, the trial court
may rely on its personal recollection. Id. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. Specifically, the trial court shall make findings of fact as to
whether counsel advised Applicant that he would be sentenced to life imprisonment unless he
pleaded guilty. The trial judge shall also make findings of fact as to whether counsel discovered that
Applicant suffers from a mental illness when he conducted his pre-trial investigation and, if so, what
counsel discovered. The trial judge shall also make findings of fact as to whether counsel requested
that Applicant's competency be evaluated before he entered his plea and, if not, as to why counsel
did not believe such an evaluation was necessary. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: December 10, 2008

Do not publish